IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAUREEN MCGLADE, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 10-cv-3167 |
| | ) | |
| vs. | ) | JURY DEMAND |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| Unknown members of the 16th District Tactical Team 1661, | ) | |
| Unknown members of Gang Team 1668, | ) | |
| Unknown members of the 14th District Tactical Team #1461 | ) | |
| Unknown members of SWAT Beat 4600, | ) | |
| and other unknown officers, | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes the Plaintiff, MAUREEN MCGLADE, by and through her attorney, GEORGE E. BECKER and complaining of Defendants, the City of Chicago, the Chicago Police Department, unknown members of the 16th District Tactical Team #1661, unknown members of Gang Team #1668, Unknown members of the 14th District Tactical Team #1461, unknown members of SWAT Beat 4600, Officer Jane Does and other unknown officers, alleges as follows:

### Introduction

1. In the late evening hours of May 30, 2008, the Plaintiff attended a birthday party at a social club located at 2514 W. Fullerton Avenue, Chicago, Illinois.

2. That sometime after 11:30 p.m., Chicago Police officers entered the social club at 2514 W. Fullerton Avenue, Chicago, Illinois entered the premises by force blowing off smoke grenades, displaying semi-automatic weapons, ziptied Plaintiff and other persons in the club, unlawfully detained, intimidated and deprived Plaintiff of her personal liberty, physically

searched Plaintiff's breast and crotch area all while acting under color of law as Chicago Police Officers and deprived Plaintiff of her rights secured under the Constitution of the United States, including rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## Jurisdiction

3.     This is an action brought pursuant to Title 28 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(a) and the aforestated constitutional and statutory provisions. The Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Section 1367 to decide and hear claims under state law.

## VENUE

4.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that all claims arose in this District.

## THE PARTIES

5.     The Plaintiff is a resident of Cook County, Illinois.

6.     The City of Chicago is a municipal corporation which is incorporated under the laws of the State of Illinois and which employs Chicago Police Officers.

7.     There were various unknown officers totaling approximately 20 individuals many dressed in full riot gear and masks. On information and belief these individuals were unknown members of Swat Beat 4600.

8.     On information and belief, the 16th District Tactual Team 1661, the Gang Unit 1668 and the 14th District Tactical Team #1461 participated in an unlawful search, seizure and detention of Plaintiff following the Swat Team entering the premises.

9. All of the aforementioned individuals and unknown officers were employed by the Chicago Police Department on May 30 and May 31, 2008.

10. The City of Chicago is sued directly in Count VII of the failure to supervise, train, control and discipline officers, including how to serve cease and desist orders and are also named pursuant to the doctrine of Respondent Supervisor in related State law claims.

11. That the unknown members of the Chicago Police Department were employed by the City of Chicago on May 30 and May 31, 2008. At all times relevant hereto those officers who were at 2514 W. Fullerton Chicago, Illinois on the aforementioned dates and times were acting under the color of the statutes, ordinances, regulations, customs and usages of the State of Illinois; the City of Chicago, the Chicago Police Department and within the scope of their employment with the City of Chicago.

## Facts Supporting the Cause of Action

12. On May 30, 2008, the Plaintiff went with a friend to a social club at 2514 W. Fullerton, Chicago, Cook County, Illinois. The Plaintiff arrived after 11:30 p.m. and gained entry to the premises by being buzzed in through security doors.

13. Within minutes after entering the premises at 2514 W. Fullerton the Plaintiff and other individuals in the premises were subjected to police officers in full riot gear breaking open the front door, discharging smoke grenades, entering the premises in full riot gear with guns drawn.

14. Prior to their entry into the social club the police did not announce their purpose or request entry into the premises.

15. That Plaintiff was ordered at gunpoint to lay on the floor after which she was ziptied.

16. That at the point Plaintiff was ziptied there was no arrest warrant for her person.

17. That at the point Plaintiff was ziptied there was no search warrant for her person.

18. That after being ziptied the Plaintiff was detained for a lengthy period of time. During her detainment the Plaintiff complained on multiple occasions that her zipties were too tight.

19. During the period of being ziptied the Plaintiff was denied the use of the washroom.

20. That after being detained for a lengthy period of time the Plaintiff had her person searched by a female officer. The search took place in front of a doorway which was in full view of male officers and other persons who were in the social club. The Plaintiff had her breast area searched and her pants opened for a search of her crotch area, which was in front of other.

21. That after being detained for several hours the Plaintiff was released by the Police with no explanation for her detention.

22. That while detained officers never showed Plaintiff any type of arrest or search warrant.

23. On information and belief the police had a search warrant for the premises which had been issued many hours earlier and which could have been executed when the social club had limited patrons.

24. On information and belief the police had a search warrant for the person of Edwin Colon a male, Hispanic in his 50s. There was no search warrant for any other person in the social club and no arrest warrant for any woman in the club.

25. That the search of Plaintiff was far in excess of a protective pat down search.

26. That at the time the Plaintiff was searched by police she was ziptied and was no danger to the officers.

27. That the actions of the officers was willful, wanton, malicious and was conducted with a conscious disregard and deliberate indifference to Plaintiff's rights.

28. As a direct and proximate result of the acts of Defendant Officers, the Plaintiff suffered and continues to suffer damages from the loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation.

## COUNT I
### (42 U.S.C. Section 1983 - Unreasonable Seizure)

29. The Plaintiff realleges paragraphs 1-28 as and for paragraphs 1-28 of this Count I.

30. The known and unknown officers were not aware of specific and articulable facts which suggested the Plaintiff was about to commit a crime or had committed a crime.

31. The known and unknown officers did not have a lawful basis to stop, detain or seize the Plaintiff.

32. The actions of the unknown officers in seizing the Plaintiff without any legal justification or probable cause violated her Fourth Amendment Rights as guaranteed by the Fourteenth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

Wherefore the Plaintiff requests this Court to:

    a) Enter judgment against the unknown officers;

    b) Award compensatory and punitive damages as determined at trial;

    c) Award attorneys' fees and costs;

    d) For other such relief as is fair, just and equitable.

## COUNT II
### (42 U.S.C Section 1983 – Excessive Force)

33. Plaintiff realleges paragraphs 1-28 as fully set forth herein.

34. The actions of the unknown officers violated the Plaintiff's Fourth Amendment Rights as guaranteed by the Fourteenth Amendment, to be free from the use of excess and unreasonable force.

Wherefore the Plaintiff requests this Court to:

a) Enter judgment against the unknown officers;

b) Award compensatory and punitive damages as determined at trial;

c) Award attorneys' fees and costs;

d) For other such relief as is fair, just and equitable.

## COUNT III
### (42. U.S.C. Section 1983 – Illegal Search of Person)

35. The Plaintiff realleges paragraphs 1-28 as if fully set forth herein.

36. The actions of unknown female officer in searching Plaintiff's persons without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

Wherefore the Plaintiff requests this Court to:

a) Enter judgment against the unknown female officer;

b) Award compensatory and punitive damages as determined at trial;

c) Award attorneys' fees and costs;

d) For other such relief as is fair, just and equitable.

## COUNT IV
### (42. U.S.C. Section 1983 – Substantive Due Process, Arbitrary Abuse of Power)

37. The Plaintiff realleges paragraphs 1-28 as if fully set forth herein.

38. The conduct described above was an egregious arbitrary abuse of government power that shocks the conscience.

Wherefore the Plaintiff requests this Court to:

    a) Enter judgment against the unknown officers;

    b) Award compensatory and punitive damages as determined at trial;

    c) Award attorneys' fees and costs;

    d) For other such relief as is fair, just and equitable.

## COUNT V
### (42. U.S.C. Section 1983 – Monell Claim against the City of Chicago)

39. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

40. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

    a. stopping, detaining, arresting, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

    b. searching civilians' homes without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

    c. arbitrary use of excessive force against arrestees, detainees and other civilians;

    d. denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons;

    e. mental abuse, oral abuse and assault of arrestees, detainees, and other civilians;

    f. preparing false and incomplete police reports to cover up police misconduct including unconstitutional searches and seizures;

    g. not preparing police reports, and false denial that an incident of misconduct even took place, in attempt to suppress and conceal police misconduct including unconstitutional searches and seizures;

      h.      filing false charges and pursuing baseless prosecution in order to protect police officers from claims of improper conduct and avoid liability;

      i.      a code of silence in which police officers failed to report police misconduct including the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a-h above;

      j.      said code of silence also includes police officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct, and protect themselves and other officers;

      k.      failure to adequately train, supervise and discipline police officers in the categories and filed of police work addressed in sub-paragraphs a-h above;

      l.      failure to adequately train and supervise police officers to rectify the malfeasance described in sub-paragraphs a-h above;

      m.      failure to adequately investigate citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a-i above;

      n.      failure to adequately discipline citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a-i above;

      o.      through the Office of Professional Standards (OPS), conducting inherently deficient investigation of citizen complaints of police misconduct in which an officer is disciplined in a minuscule percentage of cases, thereby encouraging even more police misconduct;

      p.      failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a-i above, by its lack of discipline for police misconduct, and defective OPS investigations.

41.    The actions of the unknown officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above de facto practices, policies and customs of the City of Chicago, the Chicago Police Department, and its police officers.

42.    One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the City of

Chicago has delegated de jure final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Jody Weis (to whom the City of Chicago has delegated du facto final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

43. The practices, policies and customs described above were widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the City of Chicago.

44. The municipal policy-makers of the City of Chicago acted with deliberate indifference to the rights of Plaintiff in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

45. By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the City of Chicago;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
**(State Law Respondeat Superior Claim)**

46. The acts of the unknown officers described in the supplementary state law claims specified above were willful and wanton, and committed in this scope of employment.

47. Pursuant to respondeat superior, Defendant City of Chicago, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demand judgment against the City of Chicago, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

48. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

49. The acts of the unknown officers described in the above claims were willful and wanton, and committed in the scope of employment.

50. Pursuant to Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

s/George E. Becker
GEORGE E. BECKER
GEORGE E. BECKER, P.C.
33 N. LaSalle Street – Suite 3300
Chicago, Illinois 60602
(312) 236-2803
A.R.D.C. No. 6180685